[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
Upon considering the written submissions and oral arguments of counsel on defendant Mermaid Enterprises, Inc.'s bill of costs and plaintiff Dale Thomas Nielsen's objections thereto, this Court hereby orders that plaintiff Nielsen pay defendant Mermaid Enterprises, Inc. the sum of $510.46, that sum constituting the total of the following specific costs which defendant Mermaid Enterprises, Inc. either actually and reasonably incurred or is entitled by law to receive as a result of its successful defense of this action:
1. All proceedings before trial: $ 50.00
2. Trial of an issue of fact or Law $ 75.00 CT Page 9828
3. Depositions:
A. Myles Daughn $ 30.00
B. Sue Ann Gesualdi $ 30.00
4. Subpoenas for Depositions:
A. Myles Daughn $ 30.00
B. Robert Fredericks $ 37.76
5. Fees for the Service of Process
 A. Hartford Hospital Medical $ 27.80 Records
 B. Officer Falk, Wethersfield $ 29.80 Police Department
 C. Officer John Salvatore, $ 29.80 Wethersfield Police Department
D. Joan Giantonio $ 31.80
E. Mary Fredericks $ 28.80
 F. Sue Bonetti a/k/a $ 29.80 Sue Gesualdi
 G. Wethersfield Police $ 27.80 Records
6. Investigative Expenses:
A. Photographs of Pool $ 22.10
 7. Sheriff Service of Capias $ 30.00 (Service only; waiting time, as indicated on bill, excluded) ________ TOTAL $510.46
In entering the foregoing order, the Court has determined CT Page 9829 that the following claims for expenses should be disallowed because they are either not provided for by Statute or not reasonably justified in the context of this case:
1. Third-party Complaint: The third-party complaint in this case was filed against three individuals who were manifestly not responsible for the plaintiff's alleged injuries and losses in this case. As defendant Mermaid undoubtedly realized before trial began, and should have realized before the three named individuals were made co-defendants in this case, the third-party complaint was without merit. The Court concludes that any costs associated with the abortive prosecution of that complaint are not properly chargeable to the plaintiff herein.
2. Sheriff service for third-party complaint: Here again, as the third-party complaint was manifestly without merit, any expense associated with or arising from its filing, service and short-term maintenance by the defendant should not be charged to the plaintiff.
3. Certified copies of court pleadings:
No showing whatsoever has been made as to the advisability, much less the necessity, of obtaining certified copies of any particular pleadings to introduce in the trial of this action. To the best of this Court's recollection, all efforts to introduce such pleadings herein were unsuccessful because nothing in any such pleading tended logically to disestablish any essential element of the plaintiff's claim for relief or to cast doubt on his credibility as a witness.
4. Waiting time of Sheriffs: No such expense is contemplated by General Statutes § 52-257 or was explained to the Court by counsel in such a way as to suggest that it is otherwise chargeable to the plaintiff herein.
5. Court fee for Motion for Contempt: Nothing in General Statutes § 52-257 allows for the payment of such an expense.
6. Second subpoena to Wethersfield Police Department on April 20, 1994: Absent a compelling explanation, the Court will not approve the issuance of two separate subpoenas to the same custodian of records on the same day. This cost could have been avoided by the simple expedient of preparing and serving a single subpoena. CT Page 9830
So Ordered this 27th day of September, 1994.
Michael R. Sheldon Judge